UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PRINCIPAL LIFE INSURANCE COMPANY                                PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:10CV-43-S

CHANDRA NICOLE GORDON, et al.                                   DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motion of the defendant, Chandra Nicole Gordon, for summary judgment in this interpleader action concerning the proceeds of a life insurance policy (DN 16).

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a

light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

The following facts are undisputed.

Russell E. Moore ("Moore"), now deceased, was an employee of Community Research Associates, Inc. In 1992, as a benefit of his employment, he became insured under Group Member Life Insurance Policy N9606-8062 (later renumbered P23263-1) issued by the plaintiff, Principal Life Insurance Company. Moore's employer paid the premiums for this coverage. Moore designated his then wife, Susan Moore [now Bocci], as beneficiary under the policy.

In 1996, the Moores divorced. On August 30, 1996, a Final Judgment of Dissolution was entered by the Eighth Judicial Circuit Court in Alachua County, Florida. The Judgment provided, in pertinent part:

> Russell E. Moore has life insurance insuring his life. Of the available life insurance, $100,000 of life insurance will be designated as life insurance for which Susan K. Moore shall be the beneficiary for the benefit of the minor child. The Wife shall maintain said policy or policies of insurance insuring Husband's life in the amount of $100,000, so long as the child remains a minor or dependent upon him for support, naming the Wife as the beneficiary and owner of said insurance. The Husband will immediately execute such documents as are necessary to effectuate this change in insurance beneficiary and ownership.

In accordance with the Judgment, Moore named Bocci beneficiary on two life insurance policies and assigned ownership to her. The policies were both issued by Provident Life and Accident Insurance Company ("Provident"). Policy No. 56874560801 had a face amount of $75,000. Policy No. G3529351 had a face amount of $40,000. Thus Bocci was assigned insurance on Moore in the amount of $115,000, meeting the terms of the Judgment.

Bocci paid the premiums on the $75,000 policy. Bocci initially made the premium payments on the $40,000 policy but failed to pay further premiums beginning in January of 2006. The policy then lapsed.

Bocci was previously the named beneficiary under the Principal policy. However, on May 22, 2009, Moore executed a change of beneficiary to designate Chandra Nicole Gordon, his daughter by a previous marriage. Bocci was thus not the named beneficiary under the Principal policy at the date of Moore's death on August 20, 2009.

Both Bocci and Gordon filed claims for the death benefit of $26,250 under the Principal policy. Gordon claims entitlement to the proceeds as the designated beneficiary. Bocci claims entitlement to the proceeds under the terms of the Judgment.

As the Judgment did not specify particular insurance policies, Principal filed this interpleader action seeking a judicial resolution of the dispute and sought leave to deposit the proceeds of the policy with the court. Principal was permitted to do so. Principal, a "mere stakeholder," has since been granted judgment and been dismissed. Its fees and costs in bringing this interpleader action will be deducted from the proceeds prior to their disbursement.

The Judgment of Dissolution of the marriage of Moore and Bocci contained a provision requiring that ownership of $100,000.00 of the available life insurance be transferred to Bocci, and that she be named beneficiary on those policies. Moore was ordered to "immediately execute any such documents as are necessary to effectuate this change in beneficiary and ownership." This term of the Judgment was satisfied when Moore was made beneficiary and owner of the two Provident polices totaling $115,000.00 in coverage.

The Judgment further required that Bocci maintain these policies of insurance insuring Moore's life in the amount of $100,000.00 so long as their child, for whose benefit Bocci was named beneficiary, remained a minor or dependent upon Moore for support. Bocci failed to maintain the $40,000.00 Provident insurance policy, ownership of which had been transferred to her.

Bocci's failure to maintain the Provident policy for whatever reason constituted a failure on her part to satisfy her obligation under the Judgment. Moore, having transferred ownership of the policies, had no further obligation under that provision.

Bocci, proceeding *pro se* in this matter, has filed a number of statements and various documents explaining what she believes to be the equities which should be considered by the court in determining the proper recipient of the funds. She contends, among other things, that Moore prevented her from obtaining reinstatement of the lapsed Provident policy, and that his alleged abuse of their child caused her to incur significant expenses for therapy for the child. Therefore, the proceeds of the policy should come to her, for the benefit of the child.

This is, however, a matter of contract, not equity. Having satisfied his obligation under the Judgment by transferring ownership of the two Provident policies, Moore was free thereafter to designate a beneficiary of his choice under the Principal policy without running afoul of his obligation regarding insurance under the Judgment.

Bocci also interprets the provision of the Judgment concerning the transfer of insurance as an award of child support which Moore was required to provide until their child reached the age of majority. Her interpretation, however, imposes obligations upon Moore which exceed those required by the Judgment. Under Bocci's interpretation, not only was Moore required to transfer ownership and control of $100,000.00 in insurance which he did, but if she failed to maintain it, he

was required to provide additional coverage to make up the difference.  There is no factual or legal basis for such an interpretation.

Finally, Bocci's assertion that she should be awarded the policy proceeds because Moore misled her and did not assist her in obtaining reinstatement of the lapsed policy is wholly without merit.  Moore's obligation with respect to the $100,000.00 worth of insurance coverage ended upon transfer of the policies to Bocci's control.  Her failure to maintain the policy was the sole cause for its lapse.  Moore had no legal obligation with respect to reinstatement of that policy.

For the reasons set forth herein, the court concludes that no genuine issue of material fact exists, and Gordon is entitled to summary judgment as a matter of law.  The motion will be granted by separate order.

**IT IS SO ORDERED.**